UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE MUTUAL FUNDS INVESTMENT LITIGATION | MDL 1586 |
| This Document Relates To: The Putnam Subtrack | Civil Action No. 04-MD-15863 Honorable J. Frederick Motz |
| Saunders, et al. v. Putnam American Government Income Fund, et al. | Civil Action No. 04-cv-00560 |
| Carl Kircher, et al., v. Putnam Funds Trust, et al., | Civil Action No. 10-cv-1887 |

**MEMORANDUM OF LAW IN SUPPORT OF**
**EVERGREEN DEFENDANTS' MOTION TO TERMINATE ACTION**

Defendants Evergreen International Trust and Evergreen Investment Management Company, LLC (the "Evergreen Defendants") respectfully move this Court for an Order, in the form filed herewith, administratively closing and terminating with prejudice the action captioned *Kircher, et al. v. Putnam Funds Trust, et al.*, No. 10-cv-1887.

In support of their motion, the Evergreen Defendants state as follows:

**A.   Summary of Relevant Prior Proceedings in Illinois State Court**

1.   Plaintiffs Carl Kircher and Robert Brockway ("Plaintiffs") originally filed *Kircher, et al. v. Putnam Funds Trust, et al.*, Cause No. 03-L-1255 in the Circuit Court, Third Judicial Circuit, Madison County, Illinois on September 16, 2003. In addition to the Evergreen Defendants, Plaintiffs named Putnam Funds Trust and Putnam Investment Management, LLC (the "Putnam Defendants") as defendants.

2.   *Kircher* and several related cases were the subject of extensive removal and remand proceedings from 2003 through 2007, culminating in a remand order in July 2007,

*Kircher v. Putnam Funds Trust*, Nos. 3:06-cv-939-DRH, 3:06-cv-01001-DRH, 2007 WL 2068353 (S.D. Ill. July 7, 2007).

3. Following the July 2007 remand, the *Kircher* defendants jointly moved the Circuit Court for Madison Country, Illinois for judgment on the pleadings on the grounds that the Securities Litigation Uniform Standards Act of 1998, 15 U.S.C. §78bb(f)(1) ("SLUSA") precluded Plaintiffs' claims. Although the motion was denied, interlocutory appeal to the Appellate Court of Illinois, Fifth District, was granted.

4. On January 6, 2010, the Illinois Appellate Court held that SLUSA precluded the *Kircher* action and that the "the circuit court [should] dismiss" the *Kircher* action. *Kircher v. Putnam Funds Trust*, 922 N.E. 2d 1126, 398 Ill.App.3d 664 (2010). On March 30, 2010, the Appellate Court issued its mandate implementing its decision.

5. On April 5, 2010, the Circuit Court entered an order dismissing *Kircher* with prejudice. A copy of the order is attached as Exhibit 1.

6. On April 15, 2010, Plaintiffs moved to modify the Circuit Court's April 5, 2010 order, so that that the dismissal would be *without* prejudice. Plaintiffs also requested leave to file an amended complaint.

B. **Recent Proceedings in the United States District Court for the Southern District of Illinois**

7. On April 29, 2010, the *Kircher* defendants jointly removed the *Kircher* action to the United States District Court for the Southern District of Illinois as *Kircher, et al. v. Putnam Funds Trust, et al.*, Case No. 3:10-00326.

8. On May 13, 2010, Plaintiffs filed a motion for an extension of time to file a reply brief in further support of their motion to modify the Circuit Court's April 5, 2010 order and for leave to file an amended complaint, such that their reply would be due ten days after the

district court's ruling on a forthcoming motion to remand.  The Southern District of Illinois granted the motion for an extension on May 25, 2010.  (No. 10-cv-1887, Dkt. No. 12).

       9. On May 17, 2010, Plaintiffs filed a motion to remand.  (No. 10-cv-1887, Dkt. No. 10).

      10. On June 21, 2010, the *Kircher* defendants filed a joint opposition to Plaintiffs' motion to remand.  (No. 10-cv-1887, Dkt. No. 19.)

    **C.**    **Transfer to This Court**

      11. On June 22, 2010, prior to any ruling in the Southern District of Illinois on Plaintiffs' motion to remand, the United States Judicial Panel on Multidistrict Litigation issued a Notice of Filing of Conditional Transfer Order, conditionally transferring the *Kircher* action to this Court.  (No. 10-cv-1887, Dkt. Nos. 20-21.)  Plaintiffs did not challenge the Conditional Transfer Order.

      12. On July 14, 2010, *Kircher* was transferred to, and received and docketed in, the United States District Court for the District of Maryland pursuant to 28 U.S.C. §1407, and reassigned as Civil Action No. 10-cv-1887.  (No. 10-cv-1887, Dkt. Nos. 22-23.)

      13. On November 15, 2010, this Court entered an Order and Final Judgment (the "Order and Final Judgment") approving the class settlement in the MDL subtrack involving the Putnam Defendants (*see* Civ. A. No. 04-cv-00560, Dkt. No. 321).  Although the Order and Final Judgment applies only to the two Putnam Defendants, for SLUSA preclusion and other similar substantive purposes, there is no basis to distinguish between those Defendants and the Evergreen Defendants.

**D.      Request for Termination and Administrative Closure**

14.     In light of the above, and of this Court's prior ruling dismissing a parallel action on SLUSA-preclusion grounds, *Mehta v. AIG SunAmerica Life Assur. Co. (In re Mut. Funds Inv. Litig.)*, 437 F. Supp. 2d 439 (D. Md. 2006), which the Fourth Circuit affirmed *sub nom Wiggenhorn v. AXA Equitable Life Ins. Co. (In re Mut. Funds Inv. Litig.)*, 309 Fed. Appx. 722 (4th Cir. Jan. 30, 2009), the Evergreen Defendants respectfully request that this action be terminated and administratively closed.

15.     Through counsel, Plaintiffs assented to dismissal of this action as to the Putnam Defendants and an order granting the Putnam Defendants' assented-to Motion for Entry of Separate and Final Judgment under Rule 54(b) duly entered on January 19, 2011 (No. 10-cv-1887, Dkt. No. 326). Plaintiffs have refused to assent to termination of this action as to the Evergreen Defendants, however.

16.     In view of the Illinois Circuit Court ruling, that court's mandate, and the *Wiggenhorn* ruling, Plaintiffs have no substantive basis on which to contest removal or to maintain this action.

17.     Consistent with the Circuit Court's April 5, 2010 order, the Evergreen Defendants are entitled to have the action terminated with prejudice. *See RTC v. Allen*, 16 F.3d 568, 573 (4th Cir. 1994); 28 U.S.C. § 1450.

WHEREFORE, the Evergreen Defendants respectfully request that the Court grant their motion to terminate action and enter an Order in the form filed herewith.

Dated:  January 20, 2011

| | |
|---|---|
| s/ Laura Steinberg (with permission) | s/ Nicholas G. Terris |
| Laura Steinberg | Jeffrey B. Maletta |
| SULLIVAN & WORCESTER LLP | Nicholas G. Terris |
| One Post Office Square | K&L GATES LLP |
| Boston, Massachusetts 02109 | 1601 K Street, N.W. |
| Tel:  (617) 338-2800 | Washington, DC 20006 |
| Fax:  (617) 338-2880 | Tel:  (202) 778-9000 |
| Email:  lsteinberg@sandw.com | Fax:  (202) 778-9100 |
| | Email: jeffrey.maletta@klgates.com |
| Counsel for Defendant Evergreen International Trust | Email:  nicholas.terris@klgates.com |
| | Counsel for Defendant Evergreen Investment Management Company, LLC |