**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| IN RE MUTUAL FUNDS INVESTMENT LITIGATION | MDL 1586 |
| This Document Relates To: The Putnam Subtrack | Civil Action No. 04-MD-015863 The Honorable J. Frederick Motz |
| Saunders, et al. v. Putnam American Government Income Fund, et al. | Civil Action No. 04-cv-00560 |
| Carl Kircher and Robert Brockway, individually and on behalf of all others similarly situated, Plaintiffs, vs. Putnam Funds Trust, Putnam Investment Management, LLC, Evergreen International Trust and Evergreen Investment Management Company, LLC, Defendants. | Civil Action No. 10-cv-1887 |

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO
THE EVERGREEN DEFENDANTS' MOTION TO TERMINATE ACTION**

After reciting the long procedural history of this case, the Evergreen defendants[1] have moved for termination of this action, notwithstanding the fact that there remains pending plaintiff Brockway's motion to remand this case to state court (ECF Doc. 10), due to the extremely untimely removal of the case (the fourth such removal in the seven years after the initial filing of the case), and notwithstanding the fact that at the time of that removal, plaintiff had moved in state court to amend his complaint. ECF Doc. 2-8. Defendants acknowledge the pendency of

---

[1] The Court granted the Putnam defendants' motion for entry of separate and final judgment on plaintiff Carl Kircher's claims by Order dated January 18, 2011. ECF Doc. 26. The entry of that judgment was based upon the final approval of the class action settlement as to those defendants.

1

these motions, neither of which has ever been decided. *See* Motion to Terminate (Doc. 27-1 ¶¶ 6, 9). These two pending motions should be addressed first.

Despite the long procedural history of the case, the first time a court with proper jurisdiction decided whether plaintiff's original complaint (filed in 2003) contained allegations of the kind SLUSA bars was when the state trial court held in December 2007 that plaintiff's complaint did not contain such allegations. Thereafter, the Illinois appellate court in 2010 reversed, and on remand the trial court entered an order dismissing the case with prejudice. Plaintiff, however, filed a timely motion requesting the trial court to modify its dismissal to be without prejudice and to grant Plaintiff leave to amend his complaint. ECF Doc. 2-8. Accompanying that motion, plaintiff tendered a proposed amended complaint that eliminated the allegations the state appellate court understood to run afoul of SLUSA.

Before the state court could rule on plaintiff's motion, the Evergreen defendants removed the case to the U.S. District Court for the Southern District of Illinois for the fourth time. Plaintiff then moved to remand the case on the grounds that the fourth removal was untimely. As explained more fully in plaintiff's memorandum in support of his motion to remand, when a "case stated by the initial pleading is not removable," the removal statute requires removal within 30 days after a defendant's receipt "of a copy of an … order or other paper ***from which it may first be ascertained*** that the case is one which is or has become removable …." 28 U.S.C. § 1446(b) (emphasis added). Even if it were "ascertainable" from the appellate court's 2010 mandate that the case is or had become removable, it was not ***first*** ascertainable from that March 30, 2010 mandate. Defendants could have "ascertained" from the appellate court's January 6, 2010 opinion that the case was removable almost four months before they actually removed. Defendants' April 29 removal was thus (at least) eighty three days too late. (The

2

complete bases for plaintiff's motion to remand are discussed in plaintiff's memorandum in support of the motion to remand.)

Because Plaintiff's motion to remand this case has not been resolved, that should be the first order of business now. Moreover, even if this Court were to conclude that it has jurisdiction to address any other pending motions before addressing plaintiff's motion to remand, the Court should address — after the completion of appropriate briefing — plaintiff's motion for leave to amend his complaint.

Plaintiff's proposed amended complaint states a claim against the Evergreen defendants for their negligent failure to prevent market timing in the mutual funds at issue. As this Court has recognized, claims of the sort plaintiff has asserted — that fund defendants should have taken certain measures to curb or prevent market timing in their funds — "would only prove a case of negligence or corporate mismanagement—not a fraud claim." *In re Mutual Funds Inv. Litig.*, 2010 WL 5479519 at *5 (D. Md. Dec. 9, 2010) (quoting *In re Mut. Funds Inv. Litig.*, 626 F.Supp.2d 530, 534 (D. Md. 2009). Unlike other plaintiffs in the MDL proceedings, that is precisely the kind of claim — a negligence or corporate mismanagement claim — plaintiff has attempted to plead from the outset in 2003. The fact that plaintiff may have inadvertently included in his very first complaint allegations that the state appellate court believed run afoul of SLUSA is not a proper basis for denying plaintiff leave to amend his complaint to avoid those kinds of allegations. That is especially true when, as here, this Court has recognized that similar allegations may state a common law claim of negligence.

Furthermore, the fact that other plaintiffs have unsuccessfully attempted to state such state law negligence claims[2] does not mean that the allegations plaintiff has made in his proposed amended complaint cannot pass muster under SLUSA. SLUSA bars certain class actions based on the specific allegations in a plaintiff's complaint, and plaintiff Brockway's complaint should be judged on the basis of the allegations he has made in *his* proposed amended complaint, not on the basis of allegations other plaintiffs have made in their pleadings.

Accordingly, for these reasons, the Court should first address plaintiff's motion to remand this case because it was not removed timely. Alternatively, or if the Court denies plaintiff's motion to remand, the Court should permit the parties to file supplemental briefing regarding plaintiff's motion for leave to file an amended complaint, the resolution of which will moot the Evergreen defendants' instant motion to terminate this action.

        Respectfully submitted,

By:   */s/ Klint L. Bruno*
     Klint L. Bruno
     Korein Tillery LLC
     205 North Michigan Avenue, Suite 1940
     Chicago, IL  60601-4269
     Direct: (312) 899-5065
     Fax: (312) 641-9751

***Attorneys for Plaintiff***

---

[2] *See, e.g.*, *Mehta v. AIG SunAmerica Life Assur. Co. (In re Mutual Funds Inv. Litig.)*, 437 F. Supp. 2d 439 (D. Md. 2006), *affirmed sub nom Wiggenhorn v. AXA Equitable Life Ins. Co. (In re Mut. Funds Inv. Litig.)*, 309 Fed. Appx. 722 (4th Cir. Jan. 30, 2009).

## **CERTIFICATE OF SERVICE**

The undersigned certifies that service of the foregoing document was made by means of the Notice of Electronic Filing on February 7, 2011, to the following counsel of record:

| | |
|---|---|
| Laura Steinberg | Jeffrey B. Maletta |
| SULLIVAN & WORCESTER LLP | Nicholas G. Terris |
| One Post Office Square | K&L GATES LLP |
| Boston, Massachusetts 02109 | 1601 K Street, N.W. |
| Tel: (617) 338-2800 | Washington, DC 20006 |
| Fax: (617) 338-2880 | Tel: (202) 778-9000 |
| Email: lsteinberg@sandw.com | Fax: (202) 778-9100 |
| | Email: jeffrey.maletta@klgates.com |
| | Email: nicholas.terris@klgates.com |

*/s/ Klint L. Bruno*
Klint L. Bruno
Korein Tillery LLC
205 North Michigan Avenue, Suite 1940
Chicago, IL  60601-4269