UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE MUTUAL FUNDS INVESTMENT LITIGATION | MDL 1586 |
| This Document Relates To: The Putnam Subtrack | Civil Action No. 04-MD-15863 Honorable J. Frederick Motz |
| Saunders, et al. v. Putnam American Government Income Fund, et al. | Civil Action No. 04-cv-00560 |
| Carl Kircher, et al., v. Putnam Funds Trust, et al., | Civil Action No. 10-cv-1887 |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF
<u>EVERGREEN DEFENDANTS' MOTION TO TERMINATE ACTION</u>**

Defendants Evergreen International Trust and Evergreen Investment Management Company, LLC (the "Evergreen Defendants") respectfully submit this reply memorandum in support of their Motion to Terminate Action, filed January 20, 2011 (dckt. no. 27). Plaintiffs' Opposition to the Motion, filed February 7, 2011 (dckt. no. 29), will be referred to as the "Opposition" or "Opp."

**<u>PRELIMINARY STATEMENT</u>**

Plaintiffs argue that termination of this eight year old action is premature in light of two pending motions: (1) plaintiffs' state court motion to alter the state court's judgment from a dismissal with prejudice to a dismissal without prejudice and to file an amended complaint (the "State Court Post-Judgment Motion," filed in state court on April 15, 2010, Ex. G. to Notice of Removal in this Court, dckt. no. 2) and (2) plaintiffs' motion to remand this case to state court based on plaintiffs' contention that defendants' notice of removal was untimely (the "Remand Motion," filed May 17, 2010, dckt. no. 10).

The Evergreen Defendants respectfully submit that neither of these motions should delay the termination of this 2003 action. Plaintiffs have forfeited any argument that this action should be remanded. And plaintiffs' state court motion became a nullity when this action was removed.

**ARGUMENT**

I.  **PLAINTIFFS' REMAND MOTION PROVIDES NO BASIS FOR PROLONGING THIS ACTION.**

Plaintiffs do not (and cannot) dispute that, by virtue of SLUSA, this Court had jurisdiction over this case at the time of removal. Plaintiffs' Remand Motion instead argues that the removal was procedurally defective, i.e., that it was untimely. See Opp. 2-3 and Plaintiffs' Memorandum in Support of their Motion to Remand for Defects in Removal Procedure (filed May 17, 2010, dckt. no. 11). That argument is incorrect for the reasons set forth in defendants' notice of removal at 9-10 (filed April 29, 2010, dckt. no. 2), and in their Opposition to Plaintiffs' Motion to Remand (filed June 21, 2010, dckt. no. 19). But the Court need not even consider the issue.

Objections to procedural defects in removal are subject to forfeiture. See, e.g., Payne ex rel. Estate of Calzada v. Brake, 439 F.3d 198, 203-04 (4th Cir. 2006); Barnes v. Westinghouse Elec. Corp., 962 F.2d 513, 516 (5th Cir. 1992) (time limitation for removal is not jurisdictional). And plaintiffs have clearly waived their timeliness objections here. In particular:

- Plaintiffs did not press their Remand Motion during the pendency of this Court's consideration of the MDL settlement, in which they actively participated. See Koehnen v. Herald Fire Ins. Co., 89 F.3d 525 (8th Cir. 1996) (litigant who engaged in affirmative activity in federal court and did not press his remand motion waived the right to seek remand).

- Plaintiffs affirmatively consented to the entry of a judgment in which this Court "retains jurisdiction… over the parties and Class Members for all matters relating to [certain enumerated actions, including this case]." Order and Final Judgment ¶¶ 7(b), 13, and Appendix 1 ¶ 39, In re Mutual Funds Investment Litigation, MDL 1586, Civ. Action No. 04-MD-15863 (filed November 15, 2010, dckt. no. 3552),

>   Civ. Action No. 04-cv-00560 (filed November 15, 2010, dkct. no. 321), Civ. Action No. 04-cv-0564.  See Moffit v. Baltimore Am. Mortg., 665 F. Supp. 2d 515, 517 (D. Md. 2009) ("a party that engages in affirmative activity in federal court typically waives the right to seek remand") (citation and internal quotation and other marks omitted); Foulk v. Gray, 120 F. 156, 164-65 (C.C.S.D.W. Va. 1902) (plaintiff waives right to remand where he files motion to remand but then agrees with defendants to the entry of a court order settling some of the questions in controversy).

- Plaintiffs also assented to dismissal of this action as to the Putnam Defendants and to entry of an order granting the Putnam Defendants' assented-to Motion for Entry of Separate and Final Judgment Pursuant to Rule 54(b), which the Court entered on January 19, 2011 (dckt. no. 26).  But 28 U.S.C. § 1447(c) permits a "motion to remand *the case*" (emphasis added).  It does not authorize plaintiffs to stipulate to the entry of judgment as to part of this action while simultaneously urging the Court to remand the remainder of the action over which the Court has jurisdiction.  Cf. Tolbert v. Stevenson, No. 09-8051, --- F.3d ---, 2011 WL 490500 at *4-*5 (4th Cir. Feb. 14, 2011) (terms such as "action" and "case" mean an entire case or suit).

Thus, the Remand Motion provides no basis for prolonging these long drawn out proceedings.

## II.   PLAINTIFFS' STATE COURT POST-JUDGMENT MOTION LIKEWISE PROVIDES NO BASIS FOR PROLONGING THIS ACTION.

In Resolution Trust Corp. v. Allen, the Fourth Circuit adopted the following procedure to be employed by district courts when a state court judgment is removed to federal court:

>   [I]mmediately after removal the district court would adopt the state court judgment as its own.  After this adoption, the judgment would be treated the same as other judgments entered by the district court and the parties would follow the ordinary rules regarding post-judgment remedies.  They may file motions pursuant to the applicable Rules of Civil Procedure, or file a timely notice of appeal to the federal appeals court….  For instance, [parties] may file a motion to alter or amend the judgment under Rule 59(e) which must be served no later than ten days after the district court's entry of the state court judgment as its own.

16 F.3d 568, 573 & n.5 (4th Cir. 1994).[1]  See also Evergreen Defendants' Opening Memorandum in Support of Motion to Terminate Action (filed January 20, 2011, dckt. no. 27), at 4.

Under the Allen rule, the state court judgment should be deemed adopted on April 29, 2010, when this case was removed.  See Breedlove v. Cabou, 296 F. Supp. 2d at 265.  Here, plaintiffs did not appeal, and they did not file a motion pursuant to the Federal Rules of Civil Procedure.  Instead, plaintiffs merely sought and received leave to file a reply brief regarding their State Court Post-Judgment Motion.  But plaintiffs' meritless State Court Post-Judgment Motion became a nullity upon removal, and (notwithstanding Allen) plaintiffs never filed a motion addressing any potentially applicable federal standards for post-judgment relief.[2]

---

[1]  Allen was a case removed pursuant to 12 U.S.C. § 1441a(l)(3), but courts in this circuit and elsewhere have applied Allen in other statutory contexts.  See, e.g., Breedlove v. Cabou, 296 F. Supp. 2d 253, 265 (N.D.N.Y. 2003) (general federal removal statute, 28 U.S.C. § 1441); Aiken v. Waffle House, Inc., 509 F. Supp. 2d 541, 545 (D.S.C. 2007) (diversity).

[2]  The failure to file a motion pursuant to the federal rules is not a mere technicality.  Federal rather than state standards now control any right to post-judgment relief.  Cf. Boyle v. Am. Auto Serv., Inc., 571 F.3d 734 (8th Cir. 2009) (Fed. R. Civ. P. 41(b), rather than its state law counterpart, determines whether plaintiff's delay in prosecuting action in state court justified dismissal; plaintiff's compliance or non-compliance with state law requirements was relevant but not dispositive).

## **CONCLUSION**

Despite established SLUSA preclusion, plaintiffs have invoked numerous tactics to greatly prolong litigation that should finally come to an end. The Evergreen Defendants respectfully request that their motion to terminate this action be granted.

Dated:  February 25, 2011

s/ Laura Steinberg (with permission)
Laura Steinberg
SULLIVAN & WORCESTER LLP
One Post Office Square
Boston, Massachusetts 02109
Tel:  (617) 338-2800
Fax:  (617) 338-2880
Email:  lsteinberg@sandw.com

Counsel for Defendant Evergreen
International Trust

s/ Nicholas G. Terris
Jeffrey B. Maletta
Nicholas G. Terris
K&L GATES LLP
1601 K Street, N.W.
Washington, DC 20006
Tel:  (202) 778-9000
Fax:  (202) 778-9100
Email:  jeffrey.maletta@klgates.com
Email:  nicholas.terris@klgates.com

Counsel for Defendant Evergreen
Investment Management Company, LLC